UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cr-0045 (B/F) |
| | ) | |
| HERRON MOOTYE, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on March 24, 2010, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on March 23, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on January 19, 2011 pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*. The government appeared by Winfield Ong, Assistant United States Attorney. The defendant appeared in person with his appointed counsel Bill Dazey, Office of the Indiana Federal Defender's Office. Billie Gareiss, U. S. Parole and Probation officer, appeared and participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Bill Dazey, appointed counsel, was present to represent Mr. Mootye in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Mootye and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Dazey was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violation of his supervised release contained in the pending Petition.

4. That Mr. Mootye would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Mootye had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Mootye had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on March 24, 2010.

7. Mr. Dazey stated that Mr. Mootye would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

8. Mr. Mootye stated his readiness to waive the preliminary hearing. Mr. Mootye then waived, in writing, the preliminary hearing and he was held to answer.

9. Mr. Mootye, by counsel, stipulated that he committed the violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on March 23, 2010, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall not unlawfully possess a controlled substance."** |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."** |
| 4 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On February 23, 2010, in Indianapolis, Indiana, Herron Mootye was arrested by the Indianapolis Metropolitan Police Department and the matter is currently pending Marion County Superior Court 20. On March 12, 2010, the following charges were filed under cause no. 49G201003FA019729: Dealing in Cocaine, felony; Possession of Cocaine, felony; Possession of Heroin, felony; and Resisting Law Enforcement, misdemeanor.

According to the Affidavit for Probable Cause, on February 23, 2010, at 12:25 a.m., Herron Mootye was observed by law enforcement officers failing to stop for a stop sign. A traffic stop was conducted and Mr. Mootye's license was found to be suspended. The offender was instructed to remain seated, but instead exited his vehicle twice. A law enforcement officer cuffed the offender due to safety concerns and observed a bag suspected to contain cocaine in plain view on the passenger seat. The car was inventoried and a bag containing several more bags suspected to contain cocaine and a digital scale were also discovered. The offender began

to run, but was taken to the ground. A Metro Drug Task Force officer arrived on scene and interviewed the offender. Mr. Mootye stated he obtained his cocaine in Gary, Indiana, and had been dealing cocaine that day. The offender stated he wanted to help himself and work with law enforcement, but law enforcement was unable to work with the offender at this time due to Mr. Mootye being on supervision. A total of $777 was found on Mr. Mootye's person and was seized. The suspected bags of cocaine were taken to the lab and three bags tested for total of 21.4975 grams of cocaine, and one bag tested positive for .3182 grams of heroin.

The offender was arrested and then released on scene. The offender was again arrested on March 18, 2010, after charges were filed.

5 **"The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer."**

On February 23, 2010, in Indianapolis, Indiana, Herron Mootye was arrested by the Indianapolis Metropolitan Police Department. To date, the defendant has not reported the contact to this officer.

6 **"The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer."**

On February 23, 2010, subsequent to arrest, Herron Mootye stated in an interview with a Metro Drug Task Force officer he obtained the cocaine in Gary, Indiana, the same day he had been dealing it. Gary is in the Northern District of Indiana, and the offender did not have permission to leave the district.

7 **"The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within five (5) days of each month."**

On March 5, 2010, the offender submitted a written report for the month of February 2010, and responded "no" to the following questions: were you questioned by any law enforcement officers; were you arrested or named as a

defendant in any criminal case; did you possess or use any illegal drugs; and did you travel outside the district without permission. These were untruthful answers.

The government and the defendant informed the Court that Mr. Mootye entered a plea to the offenses that he was charged with above and was sentenced to 7 years imprisonment.

Counsel for the parties further stipulated to the following:

    1) Mr. Mootye has a relevant criminal history category of I. *See*, U.S.S.G. §7B1.4(a).

    (2) The most serious grade of violation committed by Mr. Mootye constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

    (3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release the range of imprisonment applicable to Mr. Mootye is 12-18 months.

    (4) The parties agreed on the appropriate disposition of the case as follows:

        The defendant be sentenced to a period of confinement of 18 months to the custody of the Attorney General, or his designee, said term to run consecutively with the term of imprisonment he is currently serving.

    (5) After Mr. Mootye's release from confinement, he will not be subject to supervised release.

10. The Court then placed Mr. Mootye under oath and inquired directly of him whether he admitted violations of the specifications of his supervised release contained in the Petition to Revoke Supervised Release. Mr. Mootye stated that he admitted the above violations of his supervised release as set forth above. The Court now finds that there is a basis in fact for his admissions and accepts same.

The Court, having heard the admission of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Herron Mootye, violated the above-delineated conditions of his supervised release. The defendant's

supervised release is therefore **REVOKED,** and he is sentenced to the custody of the Attorney General or his designee for a period of 18 months incarceration, said sentence to run consecutively with the term of imprisonment he is currently serving. There will be no supervised release after his release from confinement. The Magistrate Judge recommends that Ms. Gareiss, U. S. Parole and Probation officer, prepare for submission to the Honorable Sarah Evans Barker, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

    Counsel for the parties and Mr. Mootye stipulated in open Court waiver of the following:

        1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

        2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

    Counsel for the parties and Mr. Mootye entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* And Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion fo the Report or specified proposed findings or recommendation upon which she may reconsider.

    WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Mootye's supervised release and the sentence imposed of imprisonment of 18 months, in the custody of the Attorney General or his designee. The term of

imprisonment is to run consecutively with the term of imprisonment he is currently serving. There shall be no term of supervised release at the conclusion of Mr. Mootye's term of incarceration.

**IT IS SO RECOMMENDED** this 20th day of January, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Winfield Ong,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

William Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service